COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                       SUPERIOR COURT DEPARTMENT
                                                  CIVIL ACTION NO.: 2084CV2960

TAN PHAM.                           )
       Plaintiff                    )
                                    )
v.                                  )
                                    )
THE NATIONAL RAILROAD PASSENGER     )
CORPORATION, D/B/A AMTRAK,          )
       Defendant                    )
                                    )

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
F I L E D
DEC 2 3 2020
MICHAEL JOSEPH DONOVAN
CLERK OF COURT

## COMPLAINT AND JURY DEMAND

1. Plaintiff, Tan Pham, is a resident of Revere, Suffolk County, Commonwealth of Massachusetts.

2. Defendant, The National Railroad Passenger Corporation, d/b/a Amtrak is a corporation with regular business contacts in the Commonwealth of Massachusetts and has a regular place of business at One South Station, Second Floor, Boston, Suffolk County, Commonwealth of Massachusetts.

3. On or about December 1, 2019, the Plaintiff Tan Pham was a lawful passenger on an Amtrak train traveling from Richmond, Virginia to Boston Massachusetts (hereinafter "the Amtrak train").

4. The Plaintiff was riding in a quiet car, as we her usual practice, during this travel.

5. During the course of travel, other passengers in the quiet car were disruptive and loud, which is not permitted in the quiet car.

6. No conductor came through the quiet car to check on the passengers and/or ensure no commotion or disturbance was occurring, causing the Plaintiff to leave the quiet car in search of a conductor.

7. While in the vestibule that connects to the café car (hereinafter "the vestibule"), the Plaintiff slipped and fell on water leaking into the vestibule despite her grip on the side rails, causing the Plaintiff severe injuries.

8. Immediately after her fall, the Plaintiff observed water leaking into the vestibule and gathering on the floor from outside rain.

9. The Plaintiff pulled herself up and made her way to the café car in the Amtrak train where she discovered two conductors and reported her slip and fall to them, noting the leaking vestibule and pooling water.

10. Upon information and belief, this area in the vestibule of the Amtrak train was a known hazard to the Defendant as the Defendant knew and/or should have known that the vestibule was leaking water onto the floor.

11. There were no signs or warnings of the slippery hazard in the vestibule of the Amtrak train.

12. As a direct and proximate result of the Defendant's negligence in permitting the vestibule to be maintained in such a manner and failing to warn of slippery conditions, the Plaintiff sustained severe injury due to the slip and fall.

13. The Defendant was at all times relevant charged with a duty to maintain the vestibule and the Amtrak train in a fashion to be safe for passengers.

## COUNT I.  NEGLIGENCE

14. Plaintiff Tan Pham herein realleges and restates Paragraphs 1-13 as if stated herein.

15. The Defendant did so negligently maintain the vestibule and the Amtrak train that the Plaintiff, a lawful passenger, was caused to slip and fall on a known slippery hazard.

16. The Defendant did so negligently fail to warn passengers on the Amtrak train of the slippery hazard in the vestibule that the Plaintiff, a lawful passenger, was caused to slip and fall on a known slippery hazard.

17. As a direct and proximate result of the negligence of the Defendant the Plaintiff was seriously and permanently injured, has incurred medical expenses in the treatment of said injuries, has suffered great pain of body and mind, suffered loss of wages/earning capacity and was and will be obliged to expend monies for medical care and treatment.

**WHEREFORE**, the Plaintiff Tan Pham demands judgment against the Defendant for damages and costs and other relief that this Honorable Court deems just.

## COUNT II. GROSS NEGLIGENCE

18. Plaintiff Tan Pham herein realleges and restates Paragraphs 1- 17 as if stated herein.

19. The Defendant willfully, wantonly, and/or recklessly, or through its negligence and/or gross negligence, permitted conditions to exist in the vestibule and on the Amtrak train that caused the Plaintiff to slip and fall on a negligently maintained vestibule and negligently permitted leak.

20. The Defendant willfully, wantonly, and/or recklessly, or through negligence and/or gross negligence, failed to warn passengers of the slippery hazardous conditions in the vestibule and on the Amtrak train that caused the Plaintiff to slip and fall on a negligently maintained vestibule and negligently permitted leak.

21. As a direct and proximate result of the gross negligence of the Defendant, the Plaintiff was seriously and permanently injured, has incurred medical expenses in the treatment of said injuries, has suffered great pain of body and mind, suffered a loss of wages and/or earning capacity and was and will be obliged to expend monies for medical care and treatment.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for damages and costs and other relief that this Honorable Court deems just.

## COUNT III. BREACH OF CONTRACT

22. Plaintiff Tan Pham herein realleges and restates Paragraphs 1- 21 as if stated herein.

23. The Defendant had a duty pursuant to an express or implied contract with the Plaintiff by which the Defendant would maintain the vestibule and the Amtrak train in a manner safe and suitable for use by passengers.

24. The Defendant breached its contract by permitting the vestibule and/or the Amtrak train to become unsafe for use by passengers, such as the Plaintiff.

25. As a direct and proximate result of the breach of the Defendant, the Plaintiff was seriously and permanently injured, has incurred medical expenses in the treatment of said injuries, has suffered great pain of body and mind, suffered loss of earning capacity and was and will be obliged to expend monies for medical care and treatment.

**WHEREFORE** the Plaintiff demands judgment against the Defendant for damages and costs and other relief that this Honorable Court deems just.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL ISSUES SO TRIABLE**

Respectfully submitted,
For the Plaintiff,
Tan Pham
By her attorney,

LAW OFFICES OF
WILLIAM T. KENNEDY, P.C.
Attorneys at Law

*Christine M. McPhee*
William T. Kennedy, Esq.
BBO #268420
Christine M. McPhee, Esq.
BBO #668869
21 McGrath Highway, Suite 404
Quincy, MA 02169-5311
617-773-7100

DATED: 12/16/20